UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANCISCO LLANTADA-GARCIA,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | CASE NO. C06-1204-JCC-MJB<br><br>ORDER |

　　This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Monica J. Benton (Dkt. No. 16) and Petitioner's Objections[1] thereto (Dkt. No. 20). Having reviewed the relevant materials submitted by the parties, the Court ADOPTS the R&R and DISMISSES the petition for writ of habeas corpus.

**I.　BACKGROUND**

　　Petitioner Francisco Llantada-Garcia is a federal inmate currently serving a 120-month sentence imposed after his September 2004 jury conviction for possession of methamphetamine with intent to distribute. (CR04-0053-JCC, Dkt. No. 45.) Petitioner timely appealed his conviction to the Ninth Circuit,

---

[1] The Court construes Petitioner's document entitled "Rebuttal to Government's Response" as his Objections, and will refer to it as such throughout this Order.

ORDER – 1

which rejected his claim of ineffective assistance of counsel on the grounds that he failed to show prejudice arising from counsel's allegedly deficient conduct. *United States v. Llantada-Garcia*, No. 04-30404, 2005 WL 1869349, at **1 (9th Cir. Aug. 5, 2005).

Petitioner filed the instant habeas petition on August 21, 2006, claiming the following grounds for relief: (1) ineffectiveness of trial counsel "due to trial counsel eliciting evidence"; (2) ineffectiveness of trial and appellate counsel due to the failure of both "to raise issues and/or investigate and/or object to crucial and pertinent moments during trial/appeal"; (3) ineffective assistance of trial counsel for not pursuing a sentencing reduction under the "safety valve" provision; and (4) violation of his Sixth Amendment right to be duly notified of the elements of the offense. (Dkt. No. 1.) The R&R examined each ground, found each without merit, and recommends dismissal of the petition.

In his Objections, Petitioner reiterates various arguments from his habeas petition and raises two new arguments to support his claim of ineffective assistance of trial counsel. Petitioner's new arguments are that trial counsel was ineffective in (1) not submitting "supplemental points and authorities to support the Petitioner's history of income, jobs, employment, lifestyle, etc." and (2) not filing any other substantive motions or wiretap motions. The Court agrees with the findings of the R&R regarding the arguments Petitioner made in his habeas petition, and deals here only with the new arguments he raises in his Objections (Dkt. No. 20) to the R&R.

**II.   ANALYSIS**

This Court reviews Objections to a magistrate judge's R&R *de novo. See* 28 U.S.C. § 636(b)(1).

**A.   *Strickland* Standard**

In order to prevail under a claim of ineffective assistance of counsel, Petitioner must meet both prongs of the test laid out in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must prove that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. There is a strong presumption that counsel's performance fell within the broad range of reasonably effective assistance. *See id.* at 689. Second, a petitioner must show that a reasonable probability exists that, but for

ORDER – 2

counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* at 694. Under this prong, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. A court need not address both components if an insufficient showing is made on one. *Id.* at 697.

### B.    Applying *Strickland* to Petitioner's Case

Neither of Petitioner's two new arguments meet *Strickland*'s requirements. Petitioner fails to allege facts that provide a basis from which this Court could conclude that trial counsel's performance fell below an objective standard of reasonableness. Petitioner argues that counsel failed to submit "supplemental points and authorities" about his "history of income, jobs, employment, lifestyle, etc." He also alleges that counsel failed to file any "substantive" or wiretap motions. However, he does not elaborate upon the contents of either type of motion. In any event, he fails to show that counsel's alleged omissions constituted deficient performance. Because Petitioner does not further illuminate the factual basis of his vague claims, it is impossible for this Court to determine on its own inquiry whether counsel's performance fell below an objective standard of reasonableness.

Petitioner also fails to show that there was a reasonable probability that the result of the trial would have been different but for counsel's alleged ineffective assistance. That is, he fails to show that, absent counsel's alleged failure to submit information about his history and to file certain motions, there was a reasonable probability that the jury would have had a reasonable doubt regarding his guilt. This conclusion is supported by the Ninth Circuit's finding on direct appeal:

> The jury heard evidence that a police informant set up a drug purchase from Llantada-Garcia, and that Llantada-Garcia was arrested at the drug purchase delivery location with the methamphetamine in his car. There is no "reasonable probability that, but for counsel's [allegedly] unprofessional errors, the result of the proceeding would have been different."

*Llantada-Garcia*, 2005 WL 1869349, at **1 (quoting *Strickland*, 466 U.S. at 694). Although, on direct

ORDER – 3

appeal, Petitioner made different arguments to support his ineffective assistance claim, the Ninth Circuit's analysis regarding prejudice to his case is applicable here. Petitioner does not assert that the evidence referenced by the Ninth Circuit should have been suppressed. Petitioner fails under the second prong of *Strickland* because he provides no factual basis from which this Court could conclude that counsel's allegedly ineffective performance prejudiced him at trial.

### III. CONCLUSION

The Court ADOPTS the R&R, and for the foregoing reasons DISMISSES Petitioner's motion for habeas relief. The Clerk is DIRECTED to send copies of this Order to Petitioner, counsel for Respondent, and to Magistrate Judge Benton.

SO ORDERED this 24th day of August, 2007.

*[signature: John C. Coughenour]*

John C. Coughenour
United States District Judge

ORDER – 4